**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4611**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

RONNIE D. RAINEY,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:10-cr-00199-D-1)

─────────────

Submitted:  April 30, 2012             Decided:  May 9, 2012

─────────────

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

W. H. Paramore, III, W. H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie D. Rainey pled guilty to one count of mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 2011), and was sentenced to 120 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Rainey's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether the Government breached the terms of Rainey's plea agreement. Rainey has filed a pro se supplemental brief raising numerous claims.[*] We affirm Rainey's conviction and sentence.

Because Rainey did not assert in the district court that the Government had breached the terms of his plea agreement, his claims on appeal to that effect are reviewed for plain error. Puckett v. United States, 556 U.S. 129, 133-34 (2009). To prevail under this standard, Rainey must show that he was prejudiced by a breach of his plea agreement that "was so obvious and substantial that failure to notice and correct it affected the fairness, integrity or public reputation of the judicial proceedings." United States v. McQueen, 108 F.3d 64,

---

[*] In his pro se brief, Rainey alleges multiple instances of breach of the plea agreement, challenges the validity of his guilty plea, contests the calculation of his offense level on multiple grounds, attacks the procedural and substantive reasonableness of his sentence, and asserts ineffective assistance of counsel.

65-66 (4th Cir. 1997) (internal quotation marks and alteration omitted). We have carefully examined the record and are unable to find an obvious breach of Rainey's plea agreement. Therefore, this claim entitles him to no relief.

We decline to consider Rainey's pro se claim of ineffective assistance of counsel at this time. Generally, such claims are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, ineffective assistance claims are most appropriately pursued in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Here, the record offers no clear indication of counsel's deficient performance. We have examined the remainder of Rainey's pro se claims and conclude that they lack merit. Rainey's challenges to the losses of specific victims are premature, as the district court has not yet entered its final order of restitution.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Rainey's conviction and sentence. This court requires that counsel inform Rainey, in writing, of his right to petition the Supreme Court of the United States for further review. If

3

Rainey requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rainey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED