**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4758**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RONNIE D. RAINEY,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:10-cr-00199-D-1)

_____

Submitted:  October 20, 2016     Decided:  December 15, 2016

_____

Before GREGORY, Chief Judge, and DUNCAN and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie D. Rainey pled guilty to one count of mail fraud and was sentenced to 120 months of imprisonment in May 2011. This Court affirmed his appeal. See United States v. Rainey, 480 F. App'x 215 (4th Cir. 2012). In 2015, the district court granted Rainey's motion to appoint counsel, conducted a restitution hearing, and found that Rainey owed $2,268,937.97 in restitution to listed victims, as reflected in the amended criminal judgment. Rainey appeals from the amended criminal judgment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising one issue: whether the district court committed reversible error by ordering restitution to victims in an amended judgment after a hearing. We affirm.

As noted by appellate counsel, our review for errors by the district court in ordering restitution is for plain error only, as Rainey raised no objections to the amounts of restitution in the hearing below. See Fed. R. Crim. P. 52(b) (applying plain error review when issue "was not brought to the court's attention"); United States v. Olano, 507 U.S. 725, 732 (1993) (providing standard for plain error review). We agree with counsel that Rainey cannot show plain error regarding his restitution hearing.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. This review includes the issues raised in Rainey's pro se supplemental brief. The district court was allowed to rule on Rainey's restitution despite the passage of time, see United States v. Dolan, 560 U.S. 605, 609-11 (2010) (missing 90-day deadline in Mandatory Victim Restitution Act does not deprive a court of jurisdiction to order restitution), and the court properly declined to treat the restitution hearing as a full sentencing rehearing. See Sprague v. Ticonic, 307 U.S. 161, 167-68 (1939) (noting that the mandate rule prohibits lower courts, with limited exceptions, from considering questions that the mandate of a higher court has laid to rest); United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing law of the case doctrine). We therefore affirm Rainey's order of restitution as reflected in his amended criminal judgment. This court requires that counsel inform Rainey, in writing, of the right to petition the Supreme Court of the United States for further review. If Rainey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rainey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED